```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                           C/M
------------------------------------------------------ X
                                                       :
JOSE VAZQUEZ,                                          :
                                                       :
            -against-                                  :    **MEMORANDUM**
                                                       :    **DECISION & ORDER**
RICHMOND CO. SUPREME COURT STATE                       :
OF NY; TINA STANFORD, Chairperson, NYS                 :    18-cv-1717 (BMC)(PK)
Parole Division; D. SMITH, Superintendent of           :
Greene Correctional Facility,                          :
                                                       :
                             Defendants.               :
------------------------------------------------------ X
```

**COGAN**, District Judge.

Plaintiff Jose Vazquez, currently incarcerated at Greene Correctional Facility, filed this *pro se* action against defendants pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff's statement of claim is sparse, but appears to challenge his conviction based on his arrest on May 10, 1972. He also alleges that he was beaten with a large walkie-talkie which caused a concussion and bleeding from his left ear, but he does not identify the location, date or the individuals responsible for the alleged attack. Plaintiff also alleges that he had a stroke while incarcerated at Elmira Correctional Facility where he was taken to the hospital, but did not receive treatment. He seeks damages and the return of his home in Puerto Rico.

The Court takes judicial notice that plaintiff is incarcerated pursuant to a judgment of conviction for murder and attempted robbery committed in Richmond County. See People v. Vazquez, 48 A.D.2d 770 (2d Dep't 1975) (affirming conviction upon guilty plea); http://nysdoccslookup.doccs.ny.gov (plaintiff identified by name and Department Identification

Number 74A0117) (last visited March 22, 2018). In addition, Judge Amon recently dismissed his petition for habeas corpus relief as untimely, rejecting his arguments for equitable tolling. See Vasquez v. Superintendent, Marcy Correction Facility, No. 16-cv-2499, 2018 WL 559122 (E.D.N.Y. Jan. 24, 2018).

## DISCUSSION

The Prison Litigation Reform Act (the "PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). Similarly, pursuant to the *in forma pauperis* statute, the Court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

To the extent that plaintiff is seeking to assert a claim for damages pursuant to § 1983 related to his trial and conviction, such a claim fails for two reasons. First, it is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). In Heck, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. Because plaintiff does not allege that his conviction has been reversed, declared invalid, or called into question by the issuance of a writ of habeas corpus, plaintiff cannot assert a § 1983 claim seeking damages.

Second, plaintiff could not proceed with such a claim against Chairperson Tina Stanford, Superintendent D. Smith, and the state court in any event. As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); see Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Here, plaintiff fails to make any allegations relating to his trial and conviction against defendants, nor could he. A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. See Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997).

Therefore, plaintiff's claims related to his trial and conviction are dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(iii); 28 U.S.C. § 1915A.

Plaintiff also describes that he was beaten and not given adequate medical care. But he has provided no details about who beat him, who denied him medical care, and when this conduct occurred. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. at 678. Plaintiff has not met this standard, even when relaxed in light of his *pro se* status.

## CONCLUSION

The Court has carefully considered whether to give plaintiff leave to amend in light of his *pro se* status, and concludes that amendment as to his claims arising out of his arrest and conviction would be futile. Plaintiff cannot plead his way around Heck, nor can he allege personal involvement in his 1972 arrest and trial as against the state court, the Parole Commission Chairperson, or the warden of his facility. See Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (leave to amend need not be granted if additional allegations would not cure defects); Opperisano v. P.O. Jones, No. 16-cv-3940, 2018 WL 1054834, at *11 (E.D.N.Y. Feb. 26, 2018) (dismissing without leave to amend based on Heck).

However, the Court grants plaintiff 20 days leave to file an amended complaint to allege whatever claim of physical abuse and denial of medical care he may have. If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 18-cv-1717. In the amended complaint, plaintiff must name proper defendants personally involved in the conduct he alleges and provide the date and location of each event giving rise to his claim(s) pursuant to § 1983. The amended complaint shall replace the original complaint. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

If plaintiff elects not to file an amended complaint or fails to do so in a timely manner, judgment dismissing this action in its entirety shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

4

therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      March 22, 2018